IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FRANCISCO JAVIER NUNEZ, ) <br> ) <br> Defendant. ) <br> ------------------------------------------------------------- ) <br> MARIA ZAMUDIO, ) <br> ) <br> Petitioner. ) | Case No. 10 CR 667 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Law enforcement agents seized a Lexus automobile belonging to Francisco Javier Nunez in August 2009 on the ground that he had used it in connection with narcotics trafficking and later started an administrative forfeiture proceeding. It served Maria Zamudio, his mother, with notice of the forfeiture proceeding.

In September 2010, attorney Standish Willis submitted on Ms. Zamudio's behalf a claim in which she asserted that she was the actual owner of the Lexus. In the claim, Ms. Zamudio stated that the car was registered in her name. She stated that she had purchased the car in 2004 but that her son had co-signed for her on the loan because she did not have good enough credit to get a loan on her own. She stated that she had made the payments on the loan, had the insurance in her name, and took the car in for its annual vehicle emissions test. Ms. Zamudio supported each of her statements with documentation.

Mr. Nunez pled guilty to narcotics offenses in July 2011. In his plea agreement, he admitted that he had used the Lexus in narcotics trafficking and agreed to entry of a forfeiture judgment regarding his interest in the car. The government moved for a preliminary order of forfeiture in October 2011. The Court sentenced Mr. Nunez to a prison term in July 2012 and entered the preliminary order of forfeiture. That order extinguished Mr. Nunez's interest in the Lexus.

On July 19, 2012, the government published notice of the forfeiture order and of its intent to dispose of the Lexus. It published the notice continuously until August 17, 2012. On July 25, 2012, the government sent Ms. Zamudio notice of the forfeiture action and its intent to dispose of the car. Ms. Zamudio received the notice by certified mail on July 28, 2012 and signed the return receipt, which was then returned to the government. The government also sent notice to Mr. Willis, the lawyer who had filed the administrative claim on Ms. Zamudio's behalf, and he likewise received it and returned the return receipt.

Under the criminal forfeiture statute, 21 U.S.C. § 853, a person who asserts a legal interest in property ordered forfeited "may, within thirty days of the final publication of notice or his receipt of notice . . ., whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property." *Id.* § 853(n)(2). Thus any petition by Ms. Zamudio seeking to assert her interest in the property was due by August 27, 2012. Ms. Zamudio did not file a petition or any other sort of document with the Court by that date.

On October 3, 2012, the government filed a motion for entry of a final order of forfeiture, and it noticed the motion for presentment on October 16, 2012. Seeing

nothing on file by way of an objection, the Court entered an order one day earlier, on October 15, 2012, granting the motion. At the conclusion of the Court's motion call on October 16, the Court saw people remaining in the courtroom and inquired why they were present. Ms. Zamudio advised (possibly through her son, who was also present) that she had appeared in connection with the motion for forfeiture that had been noticed for presentment. The Court, acting on its own motion, immediately advised the courtroom deputy clerk to vacate the order of forfeiture that the Court had entered. The clerk did so, but the entry vacating the earlier order did not get entered until October 22, 2012. The Court set the case for a status hearing on November 1, 2012.

On November 1, Ms. Zamudio appeared, and the Court gave her permission to file a petition asserting her interest in the property, without adjudicating its timeliness. She filed her petition that day, through a different lawyer from the one who had filed her administrative claim.

There is no question that Ms. Zamudio's petition is facially sufficient to assert a claim in the Lexus. There is also no question that her petition was not filed in a timely fashion. The only question is whether the untimeliness of the petition requires the Court to deny it.

The government, which objects to Ms. Zamudio's petition, relies on Federal Rule of Civil Procedure 60(b), which concerns vacating a judgment. The general rule is that relief under Rule 60(b) is granted only in extraordinary circumstances. *See, e.g., Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). There is, however, no judgment in existence. The government had noticed its motion for presentment in open court on October 16, and the Court acted improvidently in granting the motion prior to

3

that date. If the Court had followed its usual course on a dispositive motion such as the one the government filed, it would have waited until the scheduled hearing before deciding the motion. And if the Court had done that in this case, and Ms. Zamudio had appeared on October 16 (as she did), the Court would not have granted the motion on that date but instead would have given her an opportunity to be heard. These are the reasons why the Court vacated its October 15 order – essentially to put things back where they had been on that date. The bottom line is that because there is no judgment, the requirements of Rule 60(b) are of no consequence.

Ms. Zamudio, via her counsel, explains the tardiness of her petition by stating that she believed her original administrative claim was sufficient to preserve her claim in the property even after the preliminary forfeiture order was entered. She argues that the Court should attribute her "inability to distinguish" between her administrative claim and a court-filed petition to adjudicate the validity of her interest to "her lack of understanding English and legal concepts." Pet.'s Petition Paper at 4.

In her written submission to the Court, Ms. Zamudio appears to treat section 853(n)(2)'s time limitation as something the Court can essentially sweep aside based on considerations of fairness. She relies exclusively on section 853's admonition that the statute is to be "liberally construed to effectuate its remedial purposes." 21 U.S.C. § 853(o). Ms. Zamudio cites no authority, however, for the proposition that a liberal construction clause allows a court to ignore a time limitation. What is more likely is that the clause is a factor favoring a construction of the statute that permits equitable tolling of its time limitation in appropriate circumstances.

The thirty day deadline in section 853(n)(2) may well be is subject to equitable tolling. Neither side has cited any cases on this point concerning the criminal forfeiture statute, and the Court has not found any on its own. Statutes of limitation, even those applying to claims involving the government, are presumptively subject to equitable tolling. *See, e.g., Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95-96 (1990). *Cf. Franconia Assocs. v. United States*, 536 U.S. 129, 145 (2002) ("[L]imitations principles should generally apply to the Government in the same way that they apply to private parties . . . .") (internal quotation marks omitted). Some statutes of limitations, however, are referred to as "jurisdictional" in the sense that they "forbid[ ] a court to consider whether certain equitable considerations warrant extending a limitations period." *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008). The time limitations that fall into this category are those that "seek not so much to protect a defendant's case-specific interest in timeliness as to achieve a broader system-related goal, such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency." *Id.* at 133 (citations omitted).

The parties have not briefed which side of the line section 853(n)(2)'s time limit falls on. That is of no consequence, however, because Ms. Zamudio has failed to show a sufficient basis for equitable tolling even if it applies to section 853(n)(2). First, her attorney says in her reply submission that "[a]t no time did [Standish] Willis represent Zamudio." Pet.'s Position Paper at 4. That contention, however, is contrary to Ms. Zamudio's reference to Mr. Willis in her sworn petition as "a prior Attorney." Petition ¶ 6. Moreover, it is indisputable that Mr. Willis submitted the administrative claim on Ms. Zamudio's behalf; she attached his cover letter transmitting the claim to her petition. In

5

any event, even if Mr. Willis was not Ms. Zamudio's lawyer and thus could not be expected to forward the government's notice of the forfeiture to her, it is undisputed that Ms. Zamudio received actual notice herself.

Ms. Zamudio notes, and it is undisputed, that she received along with the notice of the preliminary order of forfeiture a letter from the prosecutor in her son's case informing her of the order and suggesting that Ms. Zamudio call if she had any questions. Ms. Zamudio states under oath that she "did attempt to contact [the prosecutor] and was unsuccessful" in reaching her. Petition ¶ 5. The government's submission states, however, that the prosecutor "has <u>never</u> received any contact from Ms. Zamudio, whether by letter, telephone call, email, voicemail, or any other means." Govt.'s Position Paper at 7 (emphasis in original). Ms. Zamudio does not claim in reply that she sent a letter, actually spoke to the prosecutor, or even left her a voice mail. Nor is there any no basis in her original statement to support a finding that she actually contacted the prosecutor, as opposed to "attempting" to do so (such as by calling and then not leaving a voice mail).

An inability to understand English typically does not warrant tolling if the limitation does not prevent access to the courts. *See generally Johnson v. Chandler*, 224 Fed. Appx. 515, 519 (7th Cir. 2007) (collecting cases). There is no basis to say that Ms. Zamudio's lack of understanding of English prevented her from access to the courts. Despite her claim that she has a limited understanding of English, she evidently attempted to contact the prosecutor on her own. That aside, there is no doubt that Ms. Zamudio was fully able to (either herself or through family members) secure counsel to

protect her interests when needed. This is shown by the fact that an attorney, Mr. Willis, submitted the administrative claim on her behalf.

Finally, the notice that the government sent to Ms. Zamudio and that she received was not confusing or ambiguous about what she had to do. It said that "[a]ny person . . . claiming interest in the forfeited property must file a Petition within 60 days of the first date of publication (July 19, 2012) of this Notice . . ." and that "[t]he petition must be filed with the Clerk of the Court, United States Courthouse, 219 South Dearborn Street, 20th Floor, Chicago, IL 60604 . . . ." Govt.'s Position Paper, Ex. B.

For these reasons, the Court concludes that assuming the time limitation in section 853(n)(2) is subject to equitable tolling, Ms. Zamudio has not provided a basis to toll the statutory limitation. The Court therefore denies her petition [dkt. no. 250] and grants the government's motion for entry of a final order of forfeiture [dkt. no. 236]. The government is directed to submit a draft order granting the motion, with notice to Ms. Zamudio's counsel, following the instructions on the undersigned judge's web page.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 14, 2013

7